**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**SEMONE HARVEY,**
**on behalf of herself and all others similarly situated,**

*Plaintiff*,

v.

**CBCINNOVIS, INC.,**

*Defendant.*

Civil Action No. 1:18-cv-3946

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

---

Plaintiff SEMONE HARVEY, on behalf of herself and all others similarly situated, files this Class Action Complaint against CBCINNOVIS, INC. alleging, based on personal knowledge as to Defendant's actions and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") and the New York Fair Credit Reporting Act, N.Y. GEN. BUS. LAW §§ 380 *et seq.* ("NY FCRA") against Defendant, a national consumer reporting agency. In violation of the FCRA and the NY FCRA, Defendant prepares and furnishes consumer reports that include civil judgments that consumers like Ms. Harvey have had vacated, dismissed, or that are otherwise not in effect, a fact easily verified in publicly available New York civil court records.

2. Plaintiff suffered damages as a direct and proximate result of Defendant's unlawful actions, conduct, and omissions and due to the presence of inaccurate and misrepresentative information wrongfully included in consumer report Defendant prepared about her.

3. Plaintiff brings this action for actual, statutory, and punitive damages, and for statutory attorney's fees and litigation costs, pursuant to FCRA sections 1681n and 1681o and NY

FCRA sections 380-l and 380-m. Additionally, Plaintiff seeks equitable relief requiring Defendant to implement and maintain procedures to ensure future compliance with the NY FCRA.

## JURISDICTION *and* VENUE

4. This Court's jurisdiction is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

5. This Court has diversity jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction of those claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Semone Harvey ("Plaintiff" or "Ms. Harvey") is an adult individual who resides in Queens, New York. She is a "consumer" within the meaning of both the FCRA and the NY FCRA. *See* 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

8. Defendant, CBCInnovis, Inc. ("Innovis" or "Defendant") is a Pennsylvania corporation and a "credit reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (N.Y. GEN. BUS. LAW § 380-a(e)). It regularly conducts business in the Eastern District of New York.

## FACTUAL ALLEGATIONS

*Plaintiff's Experience*

9. On October 5, 2012, in Index Number CV-023827-21/QU, the Queens County (New York) Civil Court entered a default judgment in favor of Capital One Bank (USA), NA and against Plaintiff in the amount of $1,043.74 (the "Capital One Judgment").

10. On May 6, 2015, in Index Number CV-004720-15/QU, the Queens County (New York) Civil Court entered a default judgment in favor of Midland Funding, LLC and against Plaintiff in the total amount of $1,008.54 (the "Midland Judgment").

11. In July of 2015, Plaintiff first became aware of the Capital One Judgment when her employer notified her of an Income Execution received from the Office of the Marshall of the City of New York.

12. Plaintiff also became aware of the Midland Judgment in the same time frame.

13. On or about July 30, 2015, Plaintiff filed a request for an Order to Show Cause and supporting documents requesting that the Capital One Judgment be vacated and for other related relief.

14. On or about August 5, 2015, Plaintiff filed a request for an Order to Show Cause and supporting documents requesting that the Midland Funding Judgment be vacated and for other related relief.

15. At a hearing on Plaintiff's request on August 11, 2015, the court vacated the Capital One Judgment and entered an order indicating that the action was dismissed with prejudice.

16. At a hearing on Plaintiff's request on August 17, 2015, the court vacated the Midland Funding Judgment and restored that action to the *pro se* trial calendar.

17. On or about October 23, 2017, Plaintiff applied for a loan from the Nassau Educators' Federal Credit Union ("NEFCU"). As part of her application, NEFCU obtained a consumer report about Plaintiff from Defendant (the "Report").

18. The Report contained multiple inaccurate and derogatory pieces of information including, under the heading "Public Records Information," inaccurate civil judgment information indicating that the Midland Judgment and the Capital One judgment were, contrary to actual fact, in force and unpaid.

19. Upon information and belief, the presence of the inaccurate civil judgment information was a substantial factor in NEFCU's denial of Plaintiff's NEFCU loan application.

*Defendant's Use of Public Records for Credit Reporting Purposes*

20. Defendant is a national credit reporting agency ("CRA").

21. Upon information and belief, Defendant sells consumer reports (commonly referred to as "credit reports") regarding millions of consumers annually.

22. Defendant is regulated by both the FCRA and its state counterpart, the NY FCRA.

23. Upon information and belief, Defendant has obtained its information about New York State civil court judgments from LexisNexis Risk & Information Analytics Group, Inc. ("LexisNexis") and its predecessors.

24. Upon information and belief, Defendant has not retrieved actual public records from courthouses or government offices and the data it receives from LexisNexis is in a condensed and truncated form rather than copies, digital or otherwise, of the court documents themselves.

25. Upon information and belief, Defendant is aware that LexisNexis also furnished civil judgment information to its largest competitors in the marketplace for consumer reports, national CRAs Experian, Equifax, and Trans Union (the "Big Three").

26. Upon information and belief, Defendant is aware that the Big Three all stopped including civil judgment information in their credit reports as of approximately July 1, 2017 pursuant to a consent order agreement reached with the Attorney General of New York and several others in 2016.

27. Upon information and belief, Defendant is aware that a material reason the Big Three stopped including civil judgment information in consumer reports was because the information they received from LexisNexis was not sufficiently accurate, complete or updated with regularity to assure that subsequent changes in the dispositions of civil judgments after their initial entry, such as vacaturs or satisfactions, were reflected on consumers' credit reports.

28. Upon information and belief, Defendant itself was and is aware that the civil judgment information that it received and continue to receive from LexisNexis still suffers from these problems.

29. Upon information and belief, Defendant is aware that LexisNexis has the ability to provide updated civil judgment information to Defendant, but Defendant has declined to obtain that information because Defendant believes that the collection and reporting of initial entries of New York civil judgments is of greater economic value than the collection and reporting of the subsequent dispositions of those judgments, including vacatur and satisfaction, and it does not want to incur the additional costs necessary to gather subsequent judgment disposition data.

30. Upon information and belief, Defendant is aware that the Big Three have been sued in dozens of class actions throughout the United States—including in New York[1]—for incorrectly reporting civil judgments that had been vacated or satisfied in the public record prior to the creation of the consumer report, the precise conduct at issue in this case.

31. Defendant itself has been repeatedly sued by consumers for publishing consumer reports that contained outdated and inaccurate information.

32. Upon information and belief, Defendant has received hundreds or thousands of disputes from New York consumers regarding inaccurate civil judgment information appearing in consumer reports published by Defendant to third parties.

---

[1] *See, e.g.*, *De La Rosa v. Equifax Information Services, LLC*, No. 1:18-cv-00078-AT (S.D.N.Y. filed January 5, 2018) (alleging failure to update civil judgment information); *De La Rosa v. Trans Union, LLC*, Case No. 1:18-cv-00073-RJS (S.D.N.Y. filed January 4, 2018) (same); *De La Rosa v. Experian Information Solutions, Inc.*, No. 1:18-cv-00019-CM (S.D.N.Y. filed January 2, 2018) (same); *Nair v. Trans Union, LLC*, No. 1:17-cv-05496-AT (S.D.N.Y. filed July 19, 2017) (alleging failure to update federal tax lien release information); *Nair v. Equifax Information Services, LLC, et al.*, No. 1:16-cv-09168-LTS (S.D.N.Y. filed November 27, 2016) (same); *Camarata v. Equifax Information Services, LLC*, No. 1:16-cv-02325-JPO (S.D.N.Y. filed March 29, 2016) (same); *Camarata v. Experian Information Solutions, Inc.*, No. 1:16-cv-00132-AT (S.D.N.Y. filed January 7, 2016) (same).

33. In short, there can be little doubt that Defendant is on notice that it consistently reports inaccurate and outdated public record information in consumer reports it creates.

34. Nevertheless, Defendant has made a calculated business decision to accept the consequences of publishing inaccurate and outdated civil judgment information on consumer reports belonging to New York residents in order to (1) make a play for the market for civil judgment consumer reporting vacated by the Big Three after July 1, 2017 and (2) to minimize the costs associated with acquiring civil judgment data from LexisNexis.

*Defendant's Legal Obligations*

35. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1618e(b).

36. The NY FCRA requires that:

A consumer reporting agency which compiles and reports items of information on consumers which are matters of public record shall:

(a) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or

(b) maintain reasonable procedures designed to ensure that whenever public record information is reported it is complete and up to date to the extent practicable. It shall be deemed a reasonable procedure for a consumer reporting agency to accurately report the status of public record information as of the date recorded in its files ***provided such information is updated on a regular basis***.

N.Y. GEN. BUS. LAW § 380-g (emphasis added).

37. Defendant's reporting of Plaintiff's vacated civil judgments to NEFCU occurred because Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer report it prepared about her.

38. Indeed, Defendant follows no procedure which assures that, when a civil judgment is vacated or satisfied, the updated status is promptly obtained and reflected upon a consumer's credit report.

39. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

40. At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in section 1681e(b) of the FCRA and section 380-g of the NY FCRA.

## CLASS ACTION ALLEGATIONS

41. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

42. This action is brought, and may properly be maintained as, a class action pursuant to FED R. CIV. P. 23(b)(3) on behalf of the following classes:

*Two-Year Failure to Update Class – State of New York*

a. All natural persons (i) against whom a civil judgment was entered in the State of New York; (ii) which judgment appeared on a consumer report prepared by Defendant and published to a third party within two years prior to the filing of the present Complaint; (iii) which judgment had been vacated or satisfied as a matter of New York public record at least 30 days prior to the date of Defendant's report; and (iv) which report indicated that the vacated judgment was outstanding or failed to indicate that the satisfied judgment had been satisfied.

*Five-Year Failure to Update Class – State of New York*

b. All natural persons (i) against whom a civil judgment was entered in the State of New York; (ii) which judgment appeared on a consumer report prepared by Defendant and published to a third party within five years prior to the filing of the present Complaint; (iii) which judgment had been vacated or satisfied as a matter of New York public record at least 30 days prior to the date of Defendant's report; and (iv) which report indicated that the vacated judgment was outstanding or failed to indicate that the satisfied judgment had been satisfied.

*Two-Year Failure to Update Sub-Class – New York City*

c. All natural persons (i) against whom a civil judgment was entered in the Civil Court of the City of New York; (ii) which judgment appeared on a consumer report prepared by Defendant and published to a third party within two years prior to the filing of the present Complaint; (iii) which judgment had been vacated or satisfied as a matter of New York public record at least 30 days prior to the date of Defendant's report; and (iv) which report indicated that the vacated judgment was outstanding or failed to indicate that the satisfied judgment had been satisfied.

*Five-Year Failure to Update Sub-Class – New York City*

d. All natural persons (i) against whom a civil judgment was entered in the Civil Court of the City of New York; (ii) which judgment appeared on a consumer report prepared by Defendant and published to a third party within five years prior to the filing of the present Complaint; (iii) which judgment had been vacated or satisfied as a matter of New York public record at least 30 days prior to the date of Defendant's report; and (iv) which report indicated that the vacated judgment was outstanding or failed to indicate that the satisfied judgment had been satisfied.

43. The proposed class definitions are provisional, and Plaintiff reserves the right to amend the definition of the Classes based on discovery or legal developments.

44. Plaintiff is a member of each proposed Class that she seeks to represent.

45. The requirements of FED. R. CIV. P. 23(a) are met as follows:

    a. **Rule 23(a)(1) – Numerosity.** The members of the Classes for whose benefit this action is brought are so numerous that joinder of all Class members is impracticable. Plaintiff believes that thousands of individuals comprise the Classes described above

because there are tens of thousands of civil judgments on record in the State of New York, but the precise number and identity of individual Class members are currently unknown and can only be ascertained through appropriate discovery. The names and addresses of Class members are identifiable via ministerial inspection of documents maintained by Defendant and via publicly available court records. Notice can be provided by means permissible under Rule 23.

    b.    **Rule 23(a)(2) – Commonality.** Common questions of law and fact exist as to all members of the Classes and predominate over the questions affecting only individual members. All the legal and factual issues in this class action are common to each proposed Class member, including:

        i.    Whether Defendant failed to follow reasonable procedures to ensure that it did not include on consumer reports prepared about Class members civil judgment information corresponding to judgments that had been vacated or satisfied as a matter of New York public record.

        ii.    Whether Defendant's conduct was willful.

    c.    **Rule 23(a)(3) – Typicality.** Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories. Plaintiff and members of the Classes assert the same claims for relief. The events and conduct that give rise to Plaintiff's claims are identical to those that give rise to the claims of members of the Classes because Plaintiff and each Class member is a person that has suffered harm as a direct result of Defendant's conduct and omissions.

    d.    **Rule 23(a)(4) – Adequacy of Representation.** Plaintiff can and will fairly and adequately represent and protect the interests of the Class members. Plaintiff has no

interests antagonistic to the interests of the other members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel with experience in handling FCRA claims and consumer class actions in general. Neither the Plaintiff nor her counsel have any interests which might deter them from vigorously prosecuting this case. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

  e. **Rule 23(b)(3) – Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual Class members, and a class action is superior to other available methods for the fair and efficient adjudication of this matter. Defendant's conduct described in this Complaint stems from common and uniform practices, resulting in common violations of the FCRA. Members of the Classes do not have an interest in pursuing separate actions against Defendant as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not likely present any difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of

other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## CLAIMS *for* RELIEF

### COUNT I
### Violation of N.Y. GEN. BUS. LAW § 380-g
*On Behalf of the Two-Year Failure to Update Class and Sub-Class*

46. Plaintiff realleges and incorporates by reference the preceding paragraphs as though set forth at length herein.

47. Defendant violated N.Y. GEN. BUS. LAW § 380-g by failing to maintain reasonable procedures designed to ensure that whenever civil judgment information is reported regarding Plaintiff and other Two-Year Failure to Update Class and Sub-Class members it is complete and up to date to the extent practicable.

48. Pursuant to N.Y. GEN. BUS. LAW § 380-l, Defendant is liable to Plaintiff and all Class members for its failure to comply with N.Y. GEN. BUS. LAW § 380-g, for injunctive relief as requested in the Player for Relief and also in an amount equal to the sum of (1) actual damages; (2) punitive damages in an amount to be determined by the jury; (3) attorney's fees; and (4) litigation costs, as well as such further relief as may be permitted by law.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b)
*On Behalf of the Five-Year Failure to Update Class and Sub-Class*

49. Plaintiff realleges and incorporates by reference the preceding paragraphs as though set forth at length herein.

50. Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the civil judgment information it reported regarding Plaintiff and the other Five-Year Failure to Update Class and Sub-Class members.

51. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Defendant is liable to Plaintiff and all Class members for its failure to comply with 15 U.S.C. § 1681e(b) in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## **PRAYER *for* RELIEF**

WHEREFORE, Plaintiff and the Classes pray for the following relief:

A. An order certifying the case as a class action on behalf of the proposed Classes under FED. R. CIV. P. 23 and appointing Plaintiff and the undersigned counsel to represent same;

B. A permanent injunction requiring Defendant to: (1) cease reporting vacated New York civil court judgments; (2) cease reporting any balance for satisfied New York civil judgments; (3) notify all creditors and potential creditors of Class members to whom it reported a New York civil judgment as owing and/or with a balance that the subject judgment had been vacated or satisfied at the time of Defendant's credit reporting;

C. An award of statutory, actual, and punitive damages for Plaintiff and the Classes;

D. An award of pre-judgment and post-judgment interest as provided by law;

E. An award of attorneys' fees and costs; and,

F. Such other relief as the Court deems just and proper.

///
///
///
///
///

**JURY DEMAND**

Plaintiff demands a jury trial on all causes of action asserted herein.

Dated: July 10, 2018
       New York, New York

Respectfully submitted,

**SEMONE HARVEY**

By: _____
Kevin C. Mallon
**MALLON CONSUMER LAW GROUP, PLLC**
One Liberty Plaza, Suite 2301
New York, NY 10006
(646) 759-3663
consumer.esq@outlook.com

James A. Francis, Esq.[†]
John Soumilas, Esq.[*]
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
T: 215-735-8600
F: 215-940-8000
jfrancis@consumerlawfirm.com
jsoumilas@conusmerlawfirm.com

*Attorneys for Plaintiff and the Classes*

---

[†]   Petition to appear *pro hac vice* forthcoming.